# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————

Nº 24-CV-7367 (RER)

———————————

### AJIBOLA JELILAT EDWARDS

VERSUS

### U.S. ATTORNEY GENERAL MERRICK GARLAND, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES DIRECTOR, AND USCIS DIRECTOR OF VERMONT SERVICE CENTER

———————————

**MEMORANDUM & ORDER**

———————————

**RAMÓN E. REYES, JR., District Judge:**

Plaintiff Ajibola Jelilat Edwards seeks to compel U.S. Citizenship and Immigration Services and its officers to adjudicate her I-360 Petition for Amerasian, Widow, or Special Immigrant filed on her own behalf in 2022 under the Violence Against Women Act ("VAWA"), 8 U.S.C. § 1154(a)(1)(A)(ii). Plaintiff alleges a due process violation and unreasonable delay in the adjudication of her petition because over two years have passed since her confirmed filing. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because the timeline for adjudicating such applications is at the agency's discretion. They contend they process VAWA-based I-360 applications in the order they are received at a center specifically dedicated to these kinds of applications, and they have not yet reached Plaintiff's petition. The Court agrees that the timing of adjudication of plaintiff's petition is at the agency's discretion and plaintiff's

wait time so far is well within reason. Defendants' motion to dismiss is therefore **GRANTED**.

## BACKGROUND[1]

*Pro se* plaintiff Ajibola Jelilat Edwards ("Plaintiff" or "Edwards") was previously married to a U.S. citizen who was abusive to her. (ECF. No. 1 ("Compl.") ¶ 4). In March 2022, with the assistance of Safe Horizon of New York, Edwards filed a Form I-360 Petition for Amerasian, Widow, or Special Immigrant filed under VAWA. (*Id.* ¶¶ 4, 13). She previously filed a Form I-485 for adjustment of status to register as a Permanent Legal Resident ("LPR"). (*Id.* ¶ 5). Defendant U.S. Citizenship and Immigration Services ("USCIS" or, along with its officers, collectively "Defendants") informed her that same month that it would hold the I-485 application in abeyance and address it along with the I-360 application. (*Id.*) Beginning on October 9, 2024, Plaintiff inquired with USCIS several times about the status of her application, along with written requests for its adjudication, which Defendants have "dismissed or ignored." (*Id.* ¶¶ 7–8, 10, 31).

On October 22, 2024, Plaintiff filed suit pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), and the Fifth and Fourteenth Amendments, claiming an unreasonable delay in adjudication of her I-360 and related I-485 petitions. (Compl. ¶¶ 17–27). She alleges the over two-year delay and related uncertainty in status has caused her ongoing mental health issues requiring psychiatric care, and she is "unable to focus, live or hold a job" as a result. (*Id.* ¶¶ 11–12).

---

[1] The following allegations are taken from the pleadings and accepted as true for the purposes of this memorandum and order. The Court notes that Defendants assert slightly different filing dates for Plaintiff's immigration applications, but these minor differences do not change the Court's analysis on the motion to dismiss.

2

Her "mental health challenges" also prevent her from visiting her parents. (*Id.* ¶ 30). Plaintiff seeks an order compelling Defendants to adjudicate her immigration applications within thirty days. (*Id.* at 8).

On January 29, 2025, Defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 9, 9-2 ("Mem.")). Plaintiff was ordered to respond by March 3, 2025, but to date, has not done so. (Order dated 1/30/2025; ECF No. 10).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016) (explaining that the Court's role on a Rule 12(b)(6), is to "decid[e] whether the complaint alleges sufficient facts to survive.") A claim is factually plausible when the pleadings provide enough for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009)). In its assessment, the court must "draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). Where a plaintiff is *pro se*, the court construes the pleadings liberally, interpreting them broadly to raise the strongest arguments they suggest. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). However, "[n]aked assertion[s] devoid of further factual enhancement," are insufficient. *Twombly*, 550 U.S. at 555.

3

To determine whether the complaint meets this standard, a court "may take judicial notice of documents from official government websites." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 191, n.3 (2d Cir. 2023) (citation and quotation marks omitted); *Lin v. Garland*, No. 24-CV-2268 (RER) (RML), 2025 WL 277454, at *1 (E.D.N.Y. Jan. 22, 2025) ("In deciding a Rule 12(b)(6) motion, a district court may take judicial notice of and 'rely on matters of public record . . .'") (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). This includes USCIS procedures and guidance as described on its website. *Mu v. USCIS*, No. 23-CV-2067 (HG), 2023 WL 4687077, at *2 (E.D.N.Y. July 22, 2023).

A plaintiff's failure to oppose a motion does not, on its own, justify dismissal of the complaint. *Lin*, 2025 WL 277454, at *1 (citing *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000)). "Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall,* 232 F.3d at 322.

## **DISCUSSION**

I.   Plaintiff's Mandamus Act Claim is Dismissed

The Mandamus Act authorizes a court to compel an agency to act only when a plaintiff demonstrates "(1) there is a clear right to the relief sought, (2) the Government has a plainly defined and peremptory duty to perform the act in question, and (3) there is no other adequate remedy available." 28 U.S.C. § 136; *Benzman v. Whitman*, 523 .3d 119, 132–33 (2d Cir. 2008). This is an "extraordinary remedy" reserved only when the agency has "a clear non-discretionary duty" to act. *Pittston Coal Grp. v. Sebben, 488 U.S. 105, 121 (1988); Escaler v. U.S. Citizenship & Immigr. Serv.*, 582 F.3d 288, 292 (2d Cir.

4

2009); *Ahmed v. Bitter*, No. 23-CV-189 (NGG) (RJL), 2024 WL 22763, at *8 (E.D.N.Y. Jan. 2, 2024).

Plaintiff does not adequately allege that she has a "clear right," or that Defendants have "a plainly defined and peremptory duty" to adjudicate her I-360 application within a set time, let alone within thirty days (Compl. ¶14), *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 226 (E.D.N.Y. 2021) ("Defendants clearly have a non-discretionary duty to adjudicate Plaintiffs' [immigration] petitions at some point in time, but they have no 'plainly defined and peremptory duty' to adjudicate them within any particular time frame."). The timeline Plaintiff references from the Immigration and Naturalization Act ("INA") is not a mandatory deadline, but only a suggested guideline. 8 U.S.C. § 1571(b) ("It is *the sense* of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa . . . should be processed not later than 30 days after the filing of the petition.") (emphasis added). The statute "does not create an enforceable right." *Poz v. Mayorkas*, No. 23-CV-7902 (DLI), 2024 WL 4309234, at *3 (E.D.N.Y. Sept. 26, 2024) (quoting *Li v. Chertoff*, No. 07-CV-3836 (HG) 2007 WL 4326784, at * 5 (E.D.N.Y Dec. 7, 2007)). As Defendants have no "plainly defined and peremptory duty" to expedite adjudication of Plaintiff's I-360 application, and Plaintiff has no "clear right" to such relief, her Mandamus claim fails.

Her claim also fails the third prong, as several remedies are available to her. First, she may utilize USCIS's expedited request procedure, even if she has already done so before. *Yang v. Houghton*, No. 21-CV-5485 (BMC), 2021 WL 5879033, at *2 (E.D.N.Y. Dec. 13, 2021) (describing USCIS's "expedite request" procedure as an adequate

5

remedy). Defendants clarify that although her initial expedite request was denied, "nothing precludes her from trying again if she has grounds." (Mem. at 9). Second, the APA is itself an adequate remedy, even if her claim fails there too. *Sharkey v. Quarantillo*, 541 F.3d 75, 93 (2d Cir. 2008); *Lou v. U.S. Citizenship & Immigr. Serv.*, 23-CV-1104 (HG), 2023 WL 5672041, *3 (E.D.N.Y. Sept. 1, 2023) (holding an APA claim was "an alternative adequate remedy" even though the claim failed on the merits).

For these reasons, Defendants' motion to dismiss Plaintiff's Mandamus Act claim is granted.

II.     <u>Plaintiff's APA Claim is Dismissed</u>

Pursuant to the APA, an agency must "conclude a matter presented to it" within "a reasonable time." 5 U.S.C. § 555(b). A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1); *Zhang v. Wolf*, No. 19-CV-5370 (DLI), 2020 WL 5878255, at *3 (E.D.N.Y. Sept. 30, 2020). A plaintiff awaiting agency action may only seek relief in court where "an agency failed to take a discrete agency action that it is required to take." *Ahmed*, 2024 WL 22763, at *6 (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). A district court may not review an agency's final decision, but it may assess whether there is an unreasonable delay in making such a decision. *Id.*

Analysis of Defendants' duty under the APA is akin to that under the Mandamus Act. Here too, Defendants have a discrete duty to ultimately adjudicate Plaintiff's application, but not within a particular timetable. *Almakalani*, 527 F. Supp. 3d at 226. Moreover, the "mere passage of time" is insufficient to sustain a claim of unreasonable delay under the APA. *Lin v. Mayorkas*, No. 24-CV-01403 (RER), 2025 WL 1884304, at

6

\*3 (E.D.N.Y. July 7, 2025) (dismissing an unreasonable delay claim where USCIS followed visa availability protocols and still had not reached plaintiff's application after ten years) (first citing *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 260 (E.D.N.Y. 2021), then citing *Mashpee Wampa-noag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)); *see also Ahmed,* 2024 WL 22763, at \*6 (dismissing a similar APA claim even though plaintiff had waited over eight years for the next step).

Alternatively, courts analyze the six "TRAC" factors to test an agency's unreasonably delay. *See Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 84 (2d Cir. 2013) (citing *Telecomms. Rsch. & Action Ctr. v. Fed. Commc'n Comm'n*, 750 F.2d 70, 80 (1984) ("TRAC")). The factors are: (1) the time agencies take to make decisions must be governed by "a rule of reason;" (2) where Congress has provided a timetable, it may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *TRAC*, 750 F.2d at 80 (citations omitted). These factors are not immutable, but rather, "provide useful guidance in assessing claims of agency delay." *Ahmed*, 2024 WL 22763, at \*7 (quotations and citations omitted).

These factors weigh squarely in Defendants' favor. The first *TRAC* factor—whether the agencies timetable is governed by a rule of reason—is the guidepost. *Lin*, 2025 WL 277454, at \*3. A rule of reason simply requires that the agency have a cognizable process

to prioritize and adjudicate applications. *Mu*, 2023 WL 4687077, at *4. The INA allows a U.S. citizen or LPR to petition for immigration benefits on behalf of a relative. 8 U.S.C. § 1154. Congress amended the INA through VAWA to ensure that foreign nationals in an abusive relationship with a U.S. citizen can instead petition on their own behalf. *Id.*; *see Hollander v. Chertoff,* No. 08 Civ. 1521 (WHP), 2008 WL 5191103, at *1 (S.D.N.Y. Dec. 3, 2008) (explaining the VAWA application process), *aff'd sub nom. Hollander v. United States*, 354 F. App'x 592 (2d Cir. 2009). USCIS processes I-360 application in the order they are received and typically does so within forty-three months. [2] (Mem. at 9). To better allocate resources, the agency has also recently centralized where they process these types of applications, which has reduced the processing time to approximately 41.5 months for most applications. (Mem. at 4). The Court has previously determined that similar "first-in-first-out" ("FIFO") procedures constitute a "rule of reason." *N-N*, 540 F. Supp. 3d at 261; *Lin*, 2025 WL 277454, at *3; *see also Liu v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-2065 (RPK), 2024 WL 4436232, at *3 (E.D.N.Y. Oct. 7, 2024) (classifying USCIS's "last in, first out" ("LIFO") policy a rule of reason). Additionally, USCIS's attempt to better address processing times through a centralized process further bolsters its rule of reason.

The second factor also favors Defendants. It considers whether Congress has recommended a timetable that may inform an analysis of the agency's rule of reason. *Liu*, 2024 WL 4436232, at *3. Despite advisory timelines of 180 or thirty days, the INA provides no mandated deadline for immigration benefit applications, including VAWA-based I-

---

[2] See Check Case Processing Times, available at https://egov.uscis.gov/processing-times/ (last visited Sept. 10, 2025) (select "I-160 Petition for Amerasian, Widow(er), or Special Immigrant," "Violence Against Women Act (VAWA)," and "Service Center Operations (SCOPS)" in the drop down menus; click "Get processing time" to display the amount of months it currently takes USCIS to process 80% of these types of applications).

360s. *See Lin*, 2025 WL 277454, at *2 ("[T]he Immigration and Nationality Act provides no mandated deadline for the adjudication of [a particular application] or any other immigration benefit application.") (citation omitted).

The third and fifth *TRAC* factors examine what is at stake in the agency's delay. This assesses human health and welfare, and any interests prejudiced by waiting for adjudication. *Pesantez v. Johnson*, No. 15-CIV-1155 (BMC), 2015 WL 5475655, at *6 (E.D.N.Y. Sept. 17, 2015). Plaintiff alleges unspecified mental health concerns that affect her ability to work and travel, with nothing more. (Compl. ¶ 11–1, 30). This is wholly insufficient to sway these factors in her favor. *See Yang*, 2021 WL 5879033, at *2 (rejecting "the mere passage of time and the attendant psychological stress" as grounds for granting the kind of relief Plaintiff seeks); *see also Liu*, 2024 WL 4436232, at *3 (deciding a plaintiff's desire to be reunited with her child abroad did not satisfy the third TRAC factor). And, while Plaintiff does not clarify her work permit status, the Court notes Defendants' argument that it is not the delay in adjudication that would prevent her from employment, as she has allegedly applied for and received a work permit. (Mem. at 18).

The fourth factor determines whether granting a plaintiff's desired relief would effectively allow them to skip to the head of the line over others in the same circumstances. *Zhuo v. Mayorkas*, No. 23-CV-5416 (DLI), 2024 WL 4309232, at *5 (E.D.N.Y. Sept. 26, 2024). A court may deny relief on this factor alone "where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." *Almakalani*, 527 F. Supp. 3d at 224 (citing *Mashpee*, 336 F.3d at 1100) (further citations omitted). This Court, like many others, recognizes that the agency must balance competing duties and priorities and "there is no question that

9

USCIS is overstressed and under-resourced in processing all categories of immigration petitions and applications." *Yang*, 2021 WL 5879033, at *1. Accordingly, without evidence that an agency is sitting idly by or treating a plaintiff differently than others—in other words, the agency is adhering to its rule of reason—there is no cause for the Court to "supplant the ongoing administrative process." *Id.*; *see also N-N*, 540 F. Supp. 3d at 263 ("[C]ourts should hesitate to reorder their priorities where the claimed injury—delay— would simply fall on another constituency if alleviated in the instant context.") (citation omitted). This factor, too, reinforces Defendants' arguments.

The sixth factor, which clarifies that foul play is not a prerequisite for the court to determine an unreasonable delay, is not at issue. *See TRAC*, 750 F.2d at 80; *Lin*, 2025 WL 277454, at *4. In sum, all relevant TRAC factors point to dismissal.

III. <u>Plaintiff's Due Process Claim is Dismissed</u>

A substantive due process claim requires a plaintiff to allege violation of a fundamental liberty interest that is "objectively, deeply rooted in this Nation's history and tradition." *Adebayo v. U.S. Dep't of State*, No. 24-CV-2523 (LDH), 2025 WL 964096, at *5 (E.D.N.Y. Mar. 31, 2025) (first citing *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024), then citing *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)). Plaintiff makes no clear procedural due process claim and does not claim a protected interest beyond a right to have her I-360 application adjudicated at some point. That she wishes for it to be sooner, and faster than USCIS's current processing time, does not empower the Court to interfere in the agency's established protocols.

## **CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is granted. Accordingly, this case is dismissed without prejudice for failure to state a claim. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: September 16, 2025
      Brooklyn, NY